IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAVONTE L. HODGES,<br><br>          Petitioner,<br><br>vs.<br><br>WARDEN ANGELA STUFF,<br><br>          Respondent. | CASE NO. 1:25-cv-0574<br><br>DISTRICT JUDGE<br>DAN AARON POLSTER<br><br>MAGISTRATE JUDGE<br>JAMES E. GRIMES JR.<br><br>**REPORT &<br>RECOMMENDATION** |

Javonte L. Hodges filed a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. Doc. 1. Hodges is currently in custody at the Richland Correctional Institution serving a sentence of imprisonment of 20 years to life imposed by the Cuyahoga County Court of Common Pleas in *State v. Hodges*, Case No. 12-562692-C. The Court referred this matter to a Magistrate Judge under Local Rule 72.2 for the preparation of a Report and Recommendation. For the following reasons, I recommend that the Court dismiss Hodge's petition.

## Procedural background

*Trial court proceedings*

In 2012, a Cuyahoga County grand jury indicted Hodges on charges of aggravated murder, aggravated robbery, improperly handling firearms in a motor vehicle, having weapons while under disability, and tampering with

evidence. Doc. 6-1, at 6–11; *see* Ohio Rev. Code §§ 2903.01(A), (B), 2911.01(A)(1), 2911.01(A)(3), 2921.12(A)(1), 2923.13(A)(3), 2923.16(A). The aggravated murder and aggravated robbery charges carried firearm specifications. Doc. 6-1, at 6–9; *see* Ohio Rev. Code §§ 2941.141(A), 2941.145(A).

In December 2012, Hodges pleaded guilty to an amended charge of murder, with a three-year firearm specification; aggravated robbery, with a three-year firearm specification; improperly handling firearms in a motor vehicle; and having weapons while under disability. Doc. 6-1, at 13. The State "nolled" the remaining counts. *Id.*

On January 10, 2013, the trial court sentenced Hodges to imprisonment for 20 years to life. *Id.* at 14. Of note, the court ordered that a three-year sentence on a firearm specification and a two-year sentence for having a weapon while under a disability would run consecutive to a 15-year sentence for Hodges's murder conviction. *Id.*

In early February 2013, Hodges filed a motion for leave to file a delayed appeal and for appointment of counsel, together with a notice of appeal. *Id.* at 15–18. The Ohio Court of Appeals for the Eighth District granted Hodges's motions and appointed counsel. *Id.* at 23. In November 2013, the court of appeals reversed the portion of Hodges's sentence that imposed consecutive sentences and remanded for resentencing. *Id.* at 68.

In February 2014, the trial court resentenced Hodges to the same sentence as previously imposed. *Id.* at 72.

2

Hodges filed a notice of appeal in March 2014. *Id.* at 73. In October 2014, the court of appeals affirmed in part and remanded to allow "the trial court to issue a nunc pro tunc entry" incorporating its consecutive-sentence findings into its sentencing entry. *Id.* at 123. The trial court issued a new entry in compliance with the court of appeals' order on December 26, 2014. *Id.* at 126–27. Hodges did not appeal the trial court's order.

*Motions to withdraw guilty plea*

In March 2016, Hodges filed a motion under Ohio criminal rule 32.1 to withdraw his guilty plea.[1] *Id.* at 128–31. He filed a supplemental motion in June 2016. *Id.* at 132–37. After the State filed an opposition, *id.* at 139–47, the trial court denied the supplemental motion in October 2016, in a one-sentence order, *id.* at 148. It denied the original motion in April 2017. *Id.* at 158.

Hodges filed an appeal in May 2017. *Id.* at 159. In his supporting brief, he raised two assignments of error:

> 1. Counsel's ineffectiveness in the plea bargain phase.

---

[1]     Ohio rule of criminal procedure 32.1 provides:

> A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

3

> 2. Counsel was ineffective for not brining forth
> Appellant's well documented mental health issues.[2]

*Id.* at 174–97.

The Ohio court of appeals affirmed in December 2017. *State v. Hodges*, 101 N.E.3d 1045 (Ohio Ct. App. 2017). Hodges did not appeal the court of appeals' decision to the Ohio Supreme Court.

In April 2019, Hodges filed a second motion under Ohio criminal rule 32.1 to withdraw his guilty plea. Doc. 6-1, at 234–39. The trial court denied the motion in a one-sentence order that it issued on June 3, 2019. *Id.* at 284.

Hodges filed a notice of appeal in late June 2019. *Id.* at 285. In his supporting brief, Hodges raised one assignment of error:

> The trial court abused its discretion when it denied
> Appellant's motion Crim.R. 32.1 to withdraw guilty
> plea when the trial court failed to inform the
> Appellant of the maximum penalty involved.

*Id.* at 294–303. The Ohio court of appeals affirmed on April 2, 2020. *Id.* at 326–32. Hodges did not seek review before the United States Supreme Court.

*Motion to vacate*

On September 15, 2023, Hodges filed in the trial court a motion to vacate a void judgment. Doc. 6-1, at 333–45. The trial court denied the motion in one-sentence order filed on October 12, 2023. *Id.* at 346.

---

[2]     Unless noted, Hodges's assignments of error, propositions of law, and grounds for relief are reproduced as written.

Three months later, on January 17, 2024, Hodges filed a motion in the court of appeals for leave to filed a delayed appeal, together with a notice of appeal. *Id*. at 347–54, 356. The court of appeals granted the motion in late January 2024. *Id*. at 373. In his supporting brief, Hodges raised two assignments of error:

> 1. Appellant was denied effective assistance of counsel for counsel's failure to file a motion to dismiss on speedy trial grounds in violation of Sixth and Fourteenth Amendment.

> 2. Trial court lack jurisdiction to accept Appellant's guilty plea or issue a judgment of conviction after the expiration of right to a speedy trial in violation of Sixth and Fourteenth Amendment.

*Id*. at 374–92.

The Ohio court of appeals affirmed on October 24, 2024. *Id*. at 424–32. It first determined that Hodges's motion was a petition for post-conviction relief. *Id*. at 427–28. Next, the court determined that in light of the 365-day time limit on post-conviction petitions, Hodge's motion was untimely. *Id*. at 428; *see* Ohio Rev. Code § 2953.21(A). The court of appeals then determined that because Hodges failed to meet the requirements of Ohio Revised Code § 2953.23(A)(1)(a) and (b), the trial court lacked jurisdiction to consider Hodges's petition.[3] Doc. 6-1, at 428–29.

---

[3]    Section 2953.23(A) provides:

> (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after

The court then alternatively held that even if Hodges had met the requirements of Section 2953.23(A)(1), his speedy trial arguments were "barred by the doctrine of res judicata" because they could have been raised on direct review. *Id.* at 430. But because res judicata does not apply to jurisdictional arguments, the court as part of its alternative review considered Hodges's jurisdictional argument separately and concluded that an alleged speedy trial violation did not affect the trial court's jurisdiction. *Id*. at 430–31.

---

the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

Hodges filed a notice of appeal with Ohio's Supreme Court on December 2, 2024. *Id.* at 433–34. In his memorandum in support of jurisdiction, Hodges raised two propositions of law:

> Proposition of Law I: Does an Appellant receive ineffective assistance of counsel when trial counsel fails to file a motion to dismiss on speedy trial grounds in violation of sixth and fourteenth amendment?

> Proposition of Law II: Does a trial court lack subject matter jurisdiction when the court fails to bring an accused to trial within the mandatory time period pursuant to R.C.2945.71 through R.C.2945.73 in violation of public speedy trial right under the Sixth and Fourteenth Amendments of the United States Constitution.

*Id.* at 435–49. On February 18, 2025, the Ohio Supreme Court declined under Rule 7.08(B)(4) of its rules of practice to accept jurisdiction. *Id.* at 459.

*Federal habeas corpus petition*

On March 18, 2025, Hodges filed a federal habeas corpus petition under 28 U.S.C. § 2254.[4] Doc. 1. The petition raises two grounds for relief:

> GROUND ONE: Petitioner received ineffective assistance of counsel when trial counsel fails to file a motion to dismiss on speedy trial violations of Sixth and Fourteenth Amendment.

---

[4]     A petition is deemed filed when a petitioner places it the prison mailing system. *Houston v. Lack*, 487 U.S. 266, 270 (1988). Hodges states that he placed his Petition in the prison mailing system on March 18, 2025. Doc. 1, at 20.

7

> GROUND TWO: The trial court lack jurisdiction to accept Petitioner's guilty plea or issue a judgment of conviction after the expiration of Petitioner's right to a speedy trial in violation of the Sixth and Fourteenth Amendment.

Doc. 1, at 15, 17. The Warden filed a return, Doc. 6, and Hodges filed a traverse, Doc. 11.

### Law and Analysis

*Hodges's Petition is time-barred*

In her return, the Warden argues that Hodges's petition is untimely. Doc. 6, at 9–10. I agree.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104–132, 110 Stat. 1214, provides a one-year limitations period in a habeas action brought by a person in custody from a state court judgment. Under 28 U.S.C. § 2244(d)(1), the limitation period runs from the latest of—

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

8

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In arguing that his petition is timely, Hodges doesn't rely on subparagraphs (B) or (C) in his traverse, and instead relies on subparagraph (D).[5] Doc. 11, at 10.

The analysis starts with subparagraph (A). Under that provision, a judgment becomes final at the "conclusion of direct review or [on] the expiration of the time for seeking such review." The trial court entered its judgment after Hodges's second resentencing on December 26, 2014. Doc. 6-1, at 126–27. From there, Hodges had 30 days—until January 25, 2015—to file an appeal with the Ohio court of appeals. *See* Ohio App. R. 4(A)(1). But Hodges did not file an appeal with that court. So, unless an exception applies, his conviction became final on January 26, 2015. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); *see also Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000) (the statute of limitations begins running the day after the event or default). Hodges thus had until January 26, 2016, to file his habeas petition.

As noted, however, Hodges filed his habeas petition on March 18, 2025, several years too late. So unless Hodges's time to file his petition was tolled, his petition is untimely.

---

[5]    To be sure, there is no apparent basis that subparagraphs (B) or (C) could apply—Hodges doesn't claim that there was an impediment that prevented him from filing his petition and he does not rely on a newly recognized constitutional right.

9

Notably, the pendency of a "properly filed" post-conviction application can toll the one-year statute of limitation. *See* 28 U.S.C. § 2244(d)(2); *Bronaugh*, 235 F.3d at 282–83. But the statutory tolling provision does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (citation omitted). And this matters here because although Hodges submitted several postconviction filings, he filed all of them after January 25, 2016. *See* Doc. 6-1, at 128–31. Hodges cannot therefore rely on statutory tolling to render his petition timely.

Hodges's, however, says that Section 2244(d)(1)(D) applies because the date on which the *factual predicate* for his claims was established was October 24, 2024, when the Ohio court of appeals "misconstrued [his] motion to vacate a void judgment [as] an untimely post-conviction relief petition." Doc. 11, at 10. There are a few problems with this argument.

The undefined term *factual predicate* refers "'only [to] the "vital facts" underlying the claim.'" *Ayers v. Ohio Dep't of Rehab. & Correction*, 113 F.4th 665, 670 (6th Cir. 2024) (quoting *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012)), *cert. denied sub nom. Chambers-Smith v. Ayers*, 145 S. Ct. 1632 (2025). In his habeas petition, Hodges's grounds for relief—ineffective assistance of trial counsel for not moving to dismiss on speedy trial grounds and the trial

10

court's alleged lack of jurisdiction "after the expiration of [Hodges's] right to a speedy trial—relate to things that happened before the trial court sentenced him in 2013. But Hodges knew about the circumstances surrounding these grounds for relief when they happened, over a decade before he filed his habeas petition. So he cannot show that "through the exercise of due diligence" he could not have presented these claims earlier. Section 2244(d)(1)(D), therefore, does not render Hodges's petition timely.

Further, the court of appeals' decision cannot serve as a predicate to render Hodges's petition timely. As noted, the court of appeals determined that Hodges's motion to vacate a void judgment was a petition for post-conviction relief, which the trial court lacked jurisdiction to consider. Doc. 6-1, 427–29. The determination that the trial court lacked jurisdiction is a matter of state law that is not cognizable in this forum. *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976).

Further, the court appeals' alternative rejection of Hodges's merits argument (the issues he seeks to raise in his habeas petition) was just that—an alternative basis for decision offered even assuming that the trial court had jurisdiction, which it didn't. Doc. 6-1, at 430–31. To be sure, however, the Sixth Circuit has held that Ohio's res judicata bar—on which the court of appeals relied in rejecting Hodges's speedy trial and ineffective assistance arguments, Doc. 6-1, at 430—is "actually" and "consistently" enforced by Ohio's courts. *Hoffner v. Bradshaw*, 622 F.3d 487, 498 (6th Cir. 2010). It thus represents an

11

adequate and independent basis to foreclose federal habeas review of a constitutional issue. *See id.*; *Coleman v. Mitchell*, 268 F.3d 417, 427–29 (6th Cir. 2001).

And, as the Ohio court of appeals concluded, Doc. 6-1, at 430–31, an alleged speedy trial violation is not jurisdictional, *see United States v. Acosta*, 16 F.3d 1221 (Table), 1993 WL 539252, at *1 (6th Cir. 1993); *see also Johnson v. Eppinger*, No. 18-4050, 2019 WL 5571445, at *2 (6th Cir. Feb. 25, 2019). Hodges thus waived the issue when he pleaded guilty. *Johnson*, 2019 WL 5571445, at *2.

The Court should dismiss Hodges's petition.

**Conclusion**

For the reasons set out above, I recommend that the Court dismiss Hodges's Petition.

*/s/James E. Grimes Jr.*
James E. Grimes Jr.
U.S. Magistrate Judge

Dated: March 19, 2026

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).