IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAVONTE L. HODGES, | ) | Case No. 1:25-CV-00574 |
| | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| Petitioner, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | JAMES E. GRIMES JR. |
| | ) | |
| WARDEN ANGELA STUFF, | ) | **ORDER & OPINION** |
| | ) | |
| Respondent. | ) | |

On March 19, 2026, Magistrate Judge Grimes Jr. filed a report and recommendation ("R&R") recommending that the Court dismiss Hodge's petition for writ of habeas corpus. ECF 12. It is now April 20, 2026, and no objections to the R&R have been filed.

Under the relevant statute,

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(2); Local Civ. R. 72.3(b). The failure to timely file written objections to a Magistrate Judge's R&R constitutes a waiver of the right to obtain a *de novo* review of the R&R in the district court. *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). The failure to file written

objections also results in a waiver of the right to appeal. *Thomas v. Arn*, 728 F.2d 813, 814-15 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985).

Here, the time for objection has passed and no objections have been filed. Nonetheless, the Court has reviewed the Magistrate Judge's thorough R&R. The Court agrees with the Magistrate Judge that Hodges' petition is time-barred, as his conviction became final on January 26, 2016, for purposes of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. ECF 12, at 8-9. And Hodges' cannot aver himself of the statutory tolling provision because all of his post-conviction filings were filed after his conviction had already become final. Even if Hodges' petition were timely, this Court is barred from reviewing his claims because they concern matters of state law, are based on an adequate and independent ground regarding a constitutional issue, or were previously waived. *See* ECF 12, at 11-12. Thus, the Court **ADOPTS** the R&R in full and **DISMISSES** Hodges' petition for writ of habeas corpus.

**IT IS SO ORDERED.**

Dated: April 20, 2026

*s/Dan Aaron Polster*
United States District Judge

2